1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | THOMAS S. PATTERSON
Supervising Deputy Attorney General
5 | LILY A. KORMAN, State Bar No. 242688
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5507
Fax: (415) 703-5843
8 | Email: Lily.Korman@doj.ca.gov

9 | Attorneys for Defendant K. Peeples

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANTHONY MARVELL SEMIEN,<br><br>                                    Plaintiff,<br><br>    v.<br><br>K. PEEPLES,<br><br>                                    Defendant. | C 07-2803 CW<br><br>DECLARATION OF K. PEEPLES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>The Honorable Claudia Wilken |

I, K. PEEPLES declare:

1.  I am a Defendant in this case, and employed by the California Department of Corrections and Rehabilitation (CDCR) as a Correctional Officer at Pelican Bay State Prison (PBSP), a position I have held for approximately twelve years. I currently work in the disciplinary unit in A-Facility. I have also held the positions of Search and Escort Officer, and Transportation Officer. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. I submit this declaration in support of Defendant's motion for summary judgment.

Decl. Peeples Supp. Def.'s Mot. Summ. J.                                             Semien v. Peeples
                                                                                      C 07-2803 CW

2.   On November 7, 2006, I assisted in processing inmates from the CDCR Transportation Bus into PBSP Receiving and Release. We process approximately 2-40 inmates per bus and there are two buses a week. Inmate Semien was one of the inmates being processed and I recall he was extremely argumentative and uncooperative with staff during the processing and housing procedure.

3.   On the night of November 8, 2006, I worked the afternoon shift from 2:00 p.m. to 10:00 p.m. as the Bravo (B) Facility Disciplinary Officer. My duties included coordinating orientation housing in anticipation of processing additional inmates into PBSP. Semien, with no reasonable explanation, stated that he could not be celled with anyone. Because of limited bed availability, it was necessary that all compatible and approved orientation inmates double cell.

4.   Under the direction of Sergeant Pepiot, Correctional Officers J. Bachmann and D. McGuirt accompanied me in escorting Semien from his assigned cell to the housing unit rotunda. Officer Bachman and I approached Semien's cell. Officer McGuirt met us at Semien's cell. I asked Semien to cuff-up and he refused to comply with this direct order. Correctional Officer McGuirt appeared and also ordered Semien to cuff-up. Semien continued to object and at this point I asked that Semien's cell door be unlocked so that he could exit.

5.   As he backed out of his cell, Semien turned his head left towards Officer McGuirt and was swearing and stating that he demanded to speak with the sergeant. When Semien was within arm's reach and with his back towards me, I placed restraints on his hands. Semien continued to turn his head towards Officer McGuirt and appeared agitated. When an inmate turns their head quickly to the left or right you anticipate or look out for that inmate to spit or head-butt if they are agitated, which Semien was. I used my right hand, which was already on Semien's back, to guide Semien towards the wall directly in front of him. The wall was within a few inches from his body. My left hand was already on Semien's left elbow. I exerted a small amount of pressure in order to maneuver Semien. I did not push Semien nor did I shove him into the wall.

6.   Officer Bachmann and I then escorted Semien to the rotunda. During this escort, Semien appeared agitated and repeatedly yelled, "Do you see this? Do you see they are taking me against my consent?" It was not until Sergeant Pepiot spoke with Semien regarding housing

Decl. Peeples Supp. Def.'s Mot. Summ. J.                           *Semien v. Peeples*
                                                                    C 07-2803 CW

expectations that he agreed to be double celled. Semien was then assigned to his cell with a cell partner without further incident.

7. I did not use any unnecessary force prior to, during or after the escort of inmate Semien. There is no medical report of injuries pertaining to an alleged incident before, during, or after the escort.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 30, 2008 at Crescent City, California.

K. PEEPLES

Decl. Peeples Supp. Def.'s Mot. Summ. J.    Semien v Peeples    C 07-2803 CW

3