```
 1  EDMUND G. BROWN JR.
    Attorney General of the State of California
 2  DAVID S. CHANEY
    Chief Assistant Attorney General
 3  FRANCES T. GRUNDER
    Senior Assistant Attorney General
 4  THOMAS S. PATTERSON
    Supervising Deputy Attorney General
 5  LILY A. KORMAN, State Bar No. 242688
    Deputy Attorney General
 6   455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
 7   Telephone: (415) 703-5507
     Fax: (415) 703-5843
 8   Email: Lily.Korman@doj.ca.gov

 9  Attorneys for Defendant K. Peeples
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANTHONY MARVELL SEMIEN,<br><br>                               Plaintiff,<br><br>   v.<br><br>K. PEEPLES,<br><br>                              Defendant. | C 07-2803 CW<br><br>**DECLARATION OF D. MCGUIRT IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>The Honorable Claudia Wilken |

I, D. MCGUIRT declare:

1. I have been employed by the California Department of Corrections and Rehabilitation as a Correctional Officer for seven years. I currently work at Pelican Bay State Prison (PBSP) in the Psychiatric Segregated Housing Unit Search and Escort Program. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. I submit this declaration in support of Defendant's motion for summary judgment.

2. On November 8, 2006, I was working in Bravo (B) Facility. I worked the afternoon shift from two o'clock p.m. to ten o'clock p.m. My duties included feeding inmates, conducting inmate counts and bed moves, and overseeing the orientation block. This included making sure

Decl. McGuirt Supp. Def.'s Mot. Summ. J.                                                                                                    Semien v. Peeples<br>                                                                                                                                                 C 07-2803 CW

1

1 | that there were available cells for incoming inmates.

2 |     3.    On November 8, 2006, I was contacted by the Search and Escort Officer to consolidate current inmates to double cell in order to make room for incoming inmates. I informed inmate Semien, who was single-celled temporarily, that he would be sharing a cell with another inmate. Semien refused to cell with another inmate and stated that he was not moving. He wanted to speak with a sergeant so I contacted Sergeant Pepiot of the Search and Escort Office. Sergeant Pepiot and Officer Peeples arrived at my unit and Sergeant Pepiot instructed Officer Peeples, Officer Bachmann and I to escort Semien from his cell to the housing unit rotunda. New inmates are processed and assigned cellmates in the rotunda.

    5.    At this point, we "popped" Semien's cell door, meaning that we asked it to be unlocked so that Semien could back out of the cell. Semien backed out of the cell and Officer Peeples applied handcuffs. We ordered Semien to side-step to his left. There is a one-foot wall divider between cells and Semien was ordered to remain in this area.

    6.    After Semien backed out of his cell, he continued to turn towards me and demand that I let him speak to a sergeant. I ordered Semien to face forward.

    7.    Semien stood very close to the wall, probably a few inches from the wall. When I ordered Semien to face forward, I saw Officer Peeples slide Semien closer to the wall. I recall that Officer Peeples had Semien secured by her right arm on his right side. Officer Bachmann was on Semien's left side. Officer Peeples did not push Semien nor did she shove him into the wall. Officer Peeples and Officer Bachmann then escorted Semien to the rotunda so that he could speak to Sergeant Pepiot.

    8.    I did not witness Officer Peeples use unnecessary force against Semien. I witnessed Officer Peeples apply a strategic maneuver to guide Semien towards the wall. If I did witness any use of force, I would have written an incident report.

///
///
///
///

Decl. McGuirt Supp. Def.'s Mot. Summ. J.    Semien v. Peeples
C 07-2803 CW

2

1  9. I am aware that Semien alleges that he could not put in a sick call to staff. The MTA
2  (Medical Technical Assistant) walk the tier, or the area of the facility, every night. An inmate
3  need only ask to receive a sick call slip.
4  I declare under penalty of perjury that the foregoing is true and correct. Executed on
5  ~~May~~ June 2, 2008 at Crescent City, California.

        D. McGUIRT

40255443.wpd
SF2007403202

Decl. McGuirt Supp. Def.'s Mot. Summ. J.

Semien v Peeples
C 07-2803 CW

3