1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  THOMAS S. PATTERSON
   Supervising Deputy Attorney General
5  LILY A. KORMAN, State Bar No. 242688
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5507
    Fax: (415) 703-5843
8   Email: Lily.Korman@doj.ca.gov

9  Attorneys for Defendant K. Peeples

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANTHONY MARVELL SEMIEN,<br><br>         Plaintiff,<br><br>v.<br><br>K. PEEPLES,<br><br>         Defendant. | C 07-2803 CW (PR)<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

### Introduction

Officer Peeples is entitled to summary judgment because the undisputed facts show that she used a de-minimis amount of force in a good-faith effort to protect herself from Semien, who has suffered no constitutional violation. Semien's Eighth Amendment claim of excessive force therefore fails, and Officer Peeples is also entitled to qualified immunity.

///

///

///

///

Def.'s Reply to Pl.'s Opp'n Def.'s Mot. Summ. J.                       *Semien v. Peeples*<br>                                                      C 07-2803 CW (PR)

1

## Argument

### I.
### SEMIEN FAILS TO RAISE A CONSTITUTIONAL CLAIM FOR EXCESSIVE FORCE BECAUSE THE UNDISPUTED FACTS SHOW THAT DE MINIMIS FORCE WAS USED IN AN EFFORT TO MAINTAIN SAFETY AND RESTORE DISCIPLINE.

**A. Semien's Claim that Officer Peeples Used Force Maliciously and Sadistically For the Purpose of Causing Harm is Unsupported by Evidence.**

When a prison official is accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. *Hudson v. McMillian,* 503 U.S. 1, 7 (1992); *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986). But Semien's contention that Officer Peeples's actions were malicious "because they were uncalled for which is the definition of malicious" is unsupported by any evidence and contradicted by the undisputed facts. (Pl.'s Opp'n Mot. Summ. J. 7:27-29.) Officer Peeples was performing her duties when Semien resisted her orders and disrupted the escort to meet his new cellmate. (Def.'s Mot. Summ. J. 3-4.) Officer Peeples resorted to the use of minimal force only when the situation escalated and she reasonably believed her strategic maneuver to position Semien closer to the wall inches from his face was necessary to ensure the safety of the officers. (*Id.* at 2.)

Semien argues that his actions before and during the alleged incident were not threatening and therefore, he could not have posed a threat to Officer Peeples. (Pl.'s Opp'n Mot. Summ. J. 13). But regardless of Semien's opinion about whether he posed a threat, a reasonable Officer like Officer Peeples could have believed that Semien's actions posed a danger and responded appropriately.

**i. Officer Peeples Reasonably Perceived a Threat to the Safety of the Officers and Acted in Good-Faith to Restore Order.**

Context is central to an evaluation of use of force since prison officials must balance competing interests such as the need to restore order and the possible harm to inmates against whom force is used. *Whitley,* 475 U.S. at 320. In his opposition, Semien argues that because he

Def.'s Reply to Pl.'s Opp'n Def.'s Mot. Summ. J.    *Semien v. Peeples*
C 07-2803 CW (PR)

2

was in hand restraints, he could not have posed a threat to Officer Peeples. (Pl.'s Opp'n Mot. Summ. J. 13:25-27 ("Defendant knew that Plaintiff was in restraints. . . and could not brace [him]self against her actions").) But Semien fails to contextualize his verbal and physical actions towards the officers.

The undisputed facts indicate that the combination of Semien's refusal to exit his cell, obey orders to face forward, and repeatedly demand to speak to a sergeant culminated in Officer Peeples' use of minimal force to move Semien closer to the wall, inches from his face. Officer Peeples arrived at Semien's cell accompanied by two other officers. (Def.'s Mot. Summ. J. 9-10.) Semien objected to direct orders to exit his cell and meet his new cellmate, despite his awareness of prison policies requiring compatible inmates to cell with one another. (*Id.* at 4:3-4.) In his opposition, Semien disputes whether he was swearing upon exiting his cell. (Pl.'s Opp'n Def.'s Mot. Summ. J. 10:9-10.) Semien also alleges that Officer Peeples' and Officer McGuirt's declarations tell different versions of when he was removed from his cell. (*Id.* at 11:25-27.) But Semien's emphasis on these immaterial facts is misplaced because it was ultimately his disruptive and threatening physical conduct that in fact led to Officer Peeples' use of minimal force.

Based on their experience and knowledge, it was reasonable for the officers to have perceived a threat to their safety. In fact, Officer McGuirt stated that Semien "continued to turn towards me and *demand* that I let him speak to a sergeant." (Decl. McGuirt Supp. Def.'s Mot. Summ. J. ¶ 6, (emphasis added).) In his opposition, Semien contends that he did not turn his body in a threatening manner, but he concedes that he did turn his head. (Pl.'s Opp'n 10:14-17.) And as Officer Peeples stated in her declaration, she was concerned that Semien would harm herself or the officers because when an inmate turns their head quickly to the left or right, they may spit or head-butt officers. (Def.'s Mot. Summ. J. 10:6-8 (citing Decl. Peeples ¶ 5).) To the extent that Semien argues in his opposition that he did not express physical frustration, he overlooks the potential threat, from Officer Peeples' perspective, of having an inmate turn his head quickly to the left or right. (*See* Decl. Peeples Supp. Def.'s Mot. Summ. J ¶ 5.) Officer Peeples reasonably perceived a threat to the safety of the officers escorting Semien, and she acted

Def.'s Reply to Pl.'s Opp'n Def.'s Mot. Summ. J.

*Semien v. Peeples*
C 07-2803 CW (PR)

3

immediately. She strategically restrained Semien and turned him toward the wall, away from the officers.

Semien also contends that Officer Peeples' reliance on *Hudson v. McMillian* is misplaced because in that case, there was an obvious need for force and the force was used to restore discipline. 503 U.S. 7. But in *Hudson,* the Court makes clear that whether the situation is a riot or a lesser disturbance, corrections officers must balance the need 'to maintain or restore discipline' through force against the risk of injury to inmates. (*Id.* at 6.) Here, Officer Peeples acted under pressure and in haste, "without the luxury of a second chance." (*Id.* quoting *Whitley,* 475 U.S. at 320.) While Semien contends he did not pose a threat to the officers' safety, his opinion differs from that of the experienced and trained correctional officers. (*See* Decl. Peeples Supp. Def.'s Mot. Summ. J. ¶ 5 (stating that Semien appeared agitated and that a small amount of pressure was applied to his back to maneuver him closer to the wall).) Officer Peeples is therefore entitled to summary judgment based on her use of de-minimis force.

### B. Semien Does Not Dispute that Officer Peeples Used Minimal Force in Response to the Perceived Threat.

To bring a claim for excessive force under the Eighth Amendment, the use of physical force must be more than de minimis. *Hudson*, 503 U.S. at 9-10. The Eighth Amendment does not prohibit minimal uses of physical force. *Id.* "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates [a prisoner's constitutional rights]." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotations and citations omitted). In his opposition, Semien does not dispute that Officer Peeples's used minimal force against him. Officer Peeples resorted to her typical and strategic maneuver only when Semien's body language threatened the safety of the officers.

### C. Semien Has Not Set Forth Any Documentation of an Alleged Lip Injury.

Finally, Semien has not set forth any documentation of an alleged lip injury. While he is not required to demonstrate that he suffered a serious injury to allege a constitutional violation here, minimal injuries "can serve as conclusive evidence that *de minimis* force was used." *Norman v.*

Def.'s Reply to Pl.'s Opp'n Def.'s Mot. Summ. J.   *Semien v. Peeples*
C 07-2803 CW (PR)

4

*Taylor,* 25 F.3d 1259, 1262 (4th Cir. 1994)(en banc.) Semien presents no evidence that he sustained anything more than a de-minimis injury to his lip as a result of being "push[ed]" into the wall inches from his face. (Compl. 3.) Rather, in his opposition, Semien discusses the fact that he seeks punitive damages, not mental or emotional damages for his lip injury. (Pl.'s Opp'n 10.) Semien does not assert that his lip required stitches or immediate attention. (Def.'s Mot. Summ. J. 5.) Any harm to Semien's lip was minimal, at best, and constitutes evidence that Officer Peeples used only minimal force given the potential physical threat that Semien posed.

## II.
## OFFICER PEEPLES IS ENTITLED TO QUALIFIED IMMUNITY.

As discussed above, Semien has not suffered a violation of his constitutional rights. Officer Peeples is therefore entitled to qualified immunity. *See Saucier v. Katz,* 533 U.S. 194, 201 (2001). But even if a constitutional claim could be made out in this matter, Officer Peeples would still be entitled to qualified immunity.

Officer Peeples applied a minimal amount of force to maintain safety. In response to Semien's disruptive and potentially dangerous misconduct, Officer Peeples employed a typical and strategic maneuver to ensure safety. (*See* Decl. Peeples Supp. Def.'s Mot. Summ. J. ¶ 5.) She guided Semien toward the wall to ensure that he did not yell, spit, head butt, or in any way further disrupt his escort. (*Id.;* Decl. McGuirt Supp. Def.'s Mot. Summ. J. ¶ 7.) In employing this maneuver, Officer Peeples did not act purposely to injure Semien but was responding to the threat that Semien's misconduct posed to the Officers' safety. Officer Peeples used reasonable force in a good-faith effort to restore and maintain discipline. *See Jeffers,* 267 F.3d at 912 (holding that improper motive is an element of a constitutional claim, and the plaintiff must put forth specific, nonclusory allegations of improper motive.) Officer Peeples's use of immediate and minimal controlled force to gain Semien's compliance was not "clearly unreasonable" under these circumstances. *Saucier,* 533 U.S. at 202. And as in *Saucier,* Semien's limited injuries support the conclusion that Officer Peeples acted reasonably. *Saucier,* 533 U.S. at 209.

///

Def.'s Reply to Pl.'s Opp'n Def.'s Mot. Summ. J.

*Semien v. Peeples*
C 07-2803 CW (PR)

5

## Conclusion

The undisputed evidence shows that Semien has suffered no constitutional violation and, as such, Officer Peeples is entitled to summary judgment. Officer Peeples is also entitled to qualified immunity because she did not violate Semien's Eighth Amendment rights and regardless, a reasonable official in Officer Peeples' position could have thought that their conduct was lawful. Officer Peeples therefore respectfully requests that this Court grant Defendant' motion for summary judgment.

Dated: August 13, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Senior Assistant Attorney General

THOMAS S. PATTERSON
Supervising Deputy Attorney General

LILY A. KORMAN
Deputy Attorney General
Attorneys for Defendant K. Peeples

20131013.wpd
SF2007403202

Def.'s Reply to Pl.'s Opp'n Def.'s Mot. Summ. J.

*Semien v. Peeples*
C 07-2803 CW (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Semien v. Peeples**

No.:   **C 07-2803 CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>August 13, 2008</u>, I served the attached

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Anthony M. Semien, K-76979**
**Pelican Bay State Prison**
**A-5 #117**
**P.O. Box 7500**
**Crescent City, CA 95531-7500**
*Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 13, 2008, at San Francisco, California.

|   |   |
|---|---|
| T. Oakes | /s/ T. Oakes |
| Declarant | Signature |

20131599.wpd