IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY MARVELL SEMIEN,

    Plaintiff,

  v.

K. PEEPLES,

    Defendant.
_____/

No. C 07-02803 CW

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Docket no. 23)

    Plaintiff Anthony Marvell Semien, a state prisoner incarcerated at Pelican State Bay Prison, brought this pro se action under Title 42 U.S.C. § 1983 against Correctional Officer K. Peeples. Plaintiff alleges that, on November 8, 2006, Defendant Peeples used excessive force in violation of his civil rights. Defendant moves for summary judgment on Plaintiff's claim. Plaintiff opposes the motion. Having considered all of the papers filed by the parties, the Court GRANTS the motion.

FACTUAL BACKGROUND

    The following facts are undisputed, except as noted below. On November 8, 2006, Defendant, Officer Bachmann and Officer McGuirt arrived at Plaintiff's cell to escort him to the housing unit rotunda. (Peeples Decl. ¶¶ 3 and 4.) Defendant told Plaintiff that he was getting a new cellmate. (Semien Dep. at 19; Peeples

Decl. ¶ 3.) Defendant alleges that she then told Plaintiff to cuff up and that he refused. (Peeples Decl. ¶ 4.) In his opposition, Plaintiff states that Defendant never ordered him to cuff-up, but, in his complaint, admits that she did order him to cuff-up. (Opposition at 10, Complaint at 3.) It is undisputed that Officer McGuirt told Plaintiff to cuff up. (Semien Dep. at 20; Peeples Decl. ¶ 4.) Plaintiff refused and stated that he wanted to first speak to his new cellmate. (Id.)

After Plaintiff disobeyed the order to cuff up and exit his cell, the officers unlocked his cell door. (Semien Dep. at 20.) Plaintiff demanded to speak to a superior officer immediately. (Id.) Plaintiff claims that he then cuffed up at the cuff board and backed out of his cell. (Id.) Plaintiff was then ordered to side step to a one-foot wall divider between cells. (McGuirt Decl. ¶ 5.)

At the wall, Plaintiff turned his head towards Officer McGuirt and demanded to speak to a sergeant. (Semien Dep. at 21; Peeples Decl. ¶ 4.) Defendant claims Plaintiff was also swearing. (Peeples Decl. ¶ 4.) Plaintiff denies he was swearing and states that he just asked to speak to a sergeant. (Semien Dep. at 20.) Defendant had one hand on Plaintiff's back and one hand on his shoulder. (Id. at 21.) Plaintiff continued to turn his head towards Officer McGuirt demanding to speak to a sergeant. (Semien Dep. at 21; Peeples Decl. ¶ 5.)

Officer McGuirt ordered Plaintiff to face the wall. (Semien Dep. at 21; McGuirt Decl. ¶ 7.) Defendant claims that, at the same time as this order was given, she pressed on Plaintiff's back to maneuver him against the wall because officers are trained to

2

1 anticipate that agitated inmates might spit at or head-butt an
2 officer when they quickly turn their heads.  (Peeples Decl. ¶ 5.)
3 Plaintiff stated that Defendant pushed his chest into the wall by
4 pushing his back, which caused him to hit his chin and face against
5 the wall.  (Semien Dep. at 21.)  Plaintiff admitted that he was
6 standing so close to the wall before being pressed closer by
7 Defendant that he could have licked it with his tongue.  (Id. at
8 21-22.)

9 Plaintiff alleges he suffered a cut lip.  (Semien Dep. at 21.)
10 Plaintiff testified that he did not bleed immediately after the
11 event, but noticed blood in his mouth later, and that there was
12 pain in his tooth for about a week after the incident, but it did
13 not limit his ability to do anything.  (Id. at 29-30.)  According
14 to Plaintiff, a few days after the incident, a Medical Technician
15 Assistant (MTA) examined him and gave him painkillers; Plaintiff
16 did not visit the MTA again.  (Id. at 28-29.)  There are no medical
17 reports of injuries relevant to this incident.  (See Defendant's
18 Exhibit B and C attached to the Korman Decl.; Peeples Decl. ¶ 7.)

19 LEGAL STANDARD

20 Summary judgment is properly granted when no genuine and
21 disputed issues of material fact remain, and when, viewing the
22 evidence most favorably to the non-moving party, the movant is
23 clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.
24 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);
25 Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.
26 1987).

27 The moving party bears the burden of showing that there is no
28 material factual dispute.  Therefore, the court must regard as true

3

the opposing party's evidence, if it is supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991). A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 323.

## DISCUSSION

Defendant moves for summary judgment on the grounds that there was no constitutional violation because she did not use excessive force and, in the alternative, that she is entitled to qualified immunity.

4

I.   Excessive Force

In order to state a claim for the use of excessive force in violation of the Eighth Amendment, Plaintiff must allege facts that, if proven, would establish that prison officials applied force "maliciously and sadistically to cause harm," rather than in a good-faith effort to maintain or restore discipline. <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992).  The extent of injury suffered by an inmate is one of the factors to be considered in determining whether the use of force is wanton and unnecessary.  <u>Id.</u>  Not every malevolent touch by a prison guard gives rise to a federal cause of action; the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition <u>de minimis</u> uses of physical force.  <u>Id.</u> at 9-10.  Guards may use force only in proportion to the need in each situation.  <u>Spain v. Procunier</u>, 600 F.2d 189, 195 (9th Cir. 1979).

In determining whether the use of force was for the purpose of maintaining or restoring discipline or, rather, for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. <u>Hudson</u>, 503 U.S. at 7.

Plaintiff alleges that Defendant used excessive force by pushing him, without provocation, into the wall and thereby injuring his lip.  However, Plaintiff admits that he refused Officer McGuirt's direct order to cuff up.  (Semien Dep. at 20; McGuirt Decl. ¶ 6.)  He also admits that, when he finally backed

5

1  out of his cell and was handcuffed, he turned his head towards
2  Officer McGuirt and demanded to speak to a sergeant.  (Semien Dep.
3  at 20 and 21; McGuirt Decl. ¶ 6.)  Defendant then pressed Plaintiff
4  against the wall due to her concern for officer safety because she
5  feared Plaintiff might spit at or head-butt an officer when he
6  quickly turned his head.  (Peeples Decl. ¶ 5.)  Plaintiff testified
7  that he was standing so close to the wall before being pressed
8  closer by Defendant that he could have licked it with his tongue.
9  (Semien Dep. at 21-22.)

10       Although Plaintiff and Defendant disagree on whether Plaintiff
11  was swearing when exiting his cell and whether he appeared
12  agitated, Plaintiff does not dispute that he disobeyed a direct
13  order to cuff up and exit his cell nor that he turned his head
14  towards Officer McGuirt once outside his cell.  Under these
15  undisputed circumstances, Defendant reasonably could have feared
16  that Plaintiff would spit at or head-butt an officer and that it
17  was proper to use minimal force to prevent him from doing so.  She
18  pressed his chest into the wall from a distance of a few inches to
19  prevent him from turning his head.

20       Plaintiff states that he suffered a cut lip after being
21  pressed by Defendant against the wall, but that he did not bleed
22  immediately.  (Semien Dep. at 29-30.)  He also states that,
23  although there was pain in his tooth for about a week, it did not
24  limit his ability to engage in any activities.  (*Id.*)  There are no
25  medical reports of injuries relevant to this incident.  (See
26  Defendant's Exhibit B and C attached to the Korman Decl.; Peeples
27  Decl. ¶ 7.)  It appears that any injury inflicted was minor.
28       Plaintiff fails to provide evidence that Defendant applied

**United States District Court**
For the Northern District of California

6

force in a malicious or sadistic manner.  Accordingly, Defendant is entitled to summary judgment as a matter of law.

II.  Qualified Immunity

Defendant also asserts that she is entitled to summary judgment based on qualified immunity.

Under Saucier v. Katz, 533 U.S. 194, 201 (2001), a court must undertake a two-step analysis when a defendant asserts qualified immunity in a motion for summary judgment.  A court first faces "this threshold question:  Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Id. at 201.  If the court determines that a constitutional right has been violated, it then moves to the second step and asks "whether the right was clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Id. at 201-02.  In the excessive force context, the court makes an inquiry first into the objective reasonableness of the officer's belief in the necessity of his actions and next into the objective reasonableness of the officer's belief in the legality of his actions.  Wilkins v. City of Oakland, 350 F.3d 949, 954-55 (9th Cir. 2003).  The qualified immunity analysis does not use the "20/20 vision of hindsight," but rather defers to the judgment of reasonable officers at the time of the occurrence. Graham v. Connor, 490 U.S. 386, 396 (1989).

Construing the evidence in Plaintiff's favor, the Court has found that Defendant's action did not amount to cruel and unusual punishment.  Even if Defendant had violated Plaintiff's Eighth Amendment rights, though, she is entitled to qualified immunity

7

1  because she has produced sufficient evidence to show that she could
2  have believed that her actions were reasonable under the
3  circumstances.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment.  The Court shall enter judgment and close the file.  Each party shall bear his or her own costs.

IT IS SO ORDERED.

Dated: 12/12/08

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY MARVELL SEMIEN,

        Plaintiff,

  v.

PEEPLES et al,

        Defendant.

Case Number: CV07-02803 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 12, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Marvell Semien K-76979
Pelican Bay State Prison
P.O. Box 7500
Crescent City,  CA 95531-7500

Dated: December 12, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk